# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DANIEL PERRY,<br><br>          Petitioner,<br><br>   v.<br><br>KINGS CO.,<br><br>          Respondent.<br>_____/ | 1:09-cv-01350-AWI-DLB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner's sole claim raised in the instant petition for writ of habeas corpus challenges the amount of restitution imposed by the Kings County Superior Court in his underlying criminal conviction. More specifically, Petitioner contends the trial court erred in imposing the maximum restitution fine of $10,000 instead of the minimum amount of $200.00. Such challenge is not cognizable via section 2254.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the

petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In this instance, Petitioner's sole challenge is to the state court's restitution order, which does not implicate the validity or duration of his confinement. See United States v. Gianelli, 543 F.3d 1178, 1185 n.7 (9th Cir. 2008) (prisoner cannot present his claim for relief from the restitution order as a habeas petition because he is not seeking release from custody, and because review of restitution orders is not properly brought in a habeas petition), citing United States v. Thiele, 314 F.3d 399, 402 (9th Cir. 2002). Nor does it matter if Petitioner attempts to couch his claim in terms of ineffective assistance of counsel. (Id.) Accordingly, the instant petition for writ of habeas corpus must be dismissed.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be dismissed; and,

2. The Clerk of Court be directed to terminate this action.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 20, 2009**          **/s/ Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE